THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* ALBERT L. DEWEY, APPELLANT.

*Criminal law — indictment —forgery of a mortgage — variance between the description of the instrument described in the indictment, and the one produced at the trial.*

APPEAL by the defendant from a conviction, at the Ontario Oyer and Terminer, of forgery in the third decree and the judgment thereon.

The defendant was charged by the indictment with the crime of forgery, which was alleged to have been committed in the county of Ontario on the 18th day of October, 1881. By the verdict of

the jury he was found guilty, and by the judgment of the court sentenced to imprisonment in the Monroe County Penitentiary for the term of three years. This appeal is taken from that conviction and judgment. The first count of the indictment charged that the defendant feloniously did falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited, and willingly act and assist in the false making, forgery and counterfeiting, a certain instrument in writing, commonly called a mortgage, for payment of money, which said false, forged and counterfeited instrument in writing, commonly called a mortgage, for payment of money, is as follows, that is to say:     *    *    * And it then set out an instrument purporting to be a mortgage of date, October 18, 1881, made between Thomas K. Willis, of Richmond, in the county of Ontario, of the first part, and the commissioners for loaning certain moneys of the United States, of the county of Ontario, of the second part, granting certain lands situated in said town of Richmond, conditioned for the payment of $1,200 on the first Tuesday of October, 1886, and interest annually on the first Tuesday of October. Signed and sealed by Thomas K. Willis and witnessed by James Todd and Peter James, and then proceeds, with intent to injure and defraud the United States and divers other persons to jurors unknown.

On the trial, at the close of the evidence, the defendant's counsel contended that there was no crime charged in the indictment, and that there was no proof to charge the defendant with the crime of forgery. The court held that there was not sufficient alleged in the indictment to charge him with forgery in the first degree, but that it was sufficient to charge the crime of forgery in the third degree, and overruled the contention of the defendant's counsel.

Evidence was given tending to show that the defendant while acting as commissioner to loan the United States Deposit Fund, forged the names of fictitious persons, as mortgagors and witnesses in the blanks in the commissioners' books, to conceal a defalcation. That, upon paying to his successor in that office the amount of the pretended mortgage, the latter tore the signatures from the book and gave them to the defendant.

The court at General Term, after overruling certain objections taken by the defendant's counsel, said: "The counsel for the

defendant by several objections to the admission of evidence raised the questions on the trial and now contends, that there was a variance between the indictment and the evidence offered in respect to the instrument in question because : 1. The indictment did not allege that the instrument was, or purported to be, a mortgage, nor did it allege that it was a sealed instrument, and therefore failed to allege one that would have been valid if genuine. 2. The instrument set out in the indictment purported to have been executed by Willis with his seal, while that put and offered in evidence had neither, and the indictment contained no allegations to permit evidence in that respect.

"The charge of forgery cannot be predicated on an instrument which would be void if genuine. (*People* v. *Harrison*, 8 Barb., 560, 562; *People* v. *Galloway*, 17 Wend., 542; *Cunningham* v. *People*, 4 Hun, 455.) That is not this case. The instrument in question would be valid as a mortgage if genuine. But it is contended that the indictment fails to allege such an instrument, inasmuch as it is not averred that it was a sealed instrument or under seal, and that no allegation is found which imports that it had that quality. And reference is made to the rule in pleading that setting forth a writing with the usual words at the close of a sealed instrument and the mark of a seal at the end, cannot be construed as an allegation that the paper so set out *in hæc verba* is a sealed instrument. (*Van Santwood* v. *Sandford*, 12 Johns., 197; *Macomb* v. *Thompson*, 14 id., 207; *Stanton* v. *Camp*, 4 Barb., 274.) The indictment charges the forgery of a "certain instrument in writing, commonly called a mortgage, for payment of money." The instrument, as there set forth, appears to be a mortgage of real estate which requires a seal to render it an instrument, commonly called a mortgage, of that character. It is sufficient that the allegations of an indictment are such as to import that the instrument set out is a sealed one. (*Paige* v. *People*, 6 Park. Crim. R., 683; *Bonnell* v. *Griswold*, 68 N. Y., 299; *Webster* v. *People*, 92 id., 422; *Phelps* v. *People*, 72 id., 334.) The manner of representing by allegation the substantial matters requisite to the crime is not important. The statute was that no indictment should be deemed invalid, nor should the trial and judgment or other proceedings thereon be affected "by reason of any other defect or imperfection

in matters of form which shall not tend to the prejudice of the defendant." (2 R. S., 728, § 52, sub. 4.) And the present statute is to the same effect and more liberal and protective against objections of technical character. (Code Crim. Pro., §§ 284, 285.) The instrument as set forth in the indictment advised what was intended by the charge that it was commonly called a mortgage, and seemingly as effectual as if the term "real property" or "land" had been used and made part of the allegation in proper connection with the use of the term mortgage. But it is unnecessary here to determine that question for the purposes of this case, and we therefore express no opinion whether or not the indictment is sufficient to justify or support a conviction for forgery of a mortgage of real estate. The instrument set forth contains a personal covenant to pay upon a consideration also stated in it, which clearly makes the indictment sufficient as a charge of forgery in the third degree. And the matter of seal becomes unimportant. It was not necessary to the sufficiency of the indictment to allege that the instrument purported to be the act of another by which a pecuniary obligation is, or purports to be, created, or by which rights of property are, or purport to be, transferred, etc., but, it is sufficient that the indictment alleges that the defendant falsely forged, etc., an instrument which comes within the meaning of the statute, and that it be set out *verbatim.* (*People* v. *Rynders,* 12 Wend., 425; *People* v. *Stearns,* 21 id., 409; *Holmes* v. *People,* 15 Abb., 154; *People* v. *Clements,* 26 N. Y., 193; *Rosekrans* v. *People,* 3 Hun, 287.) And it is not necessary by allegation to define or characterize the instrument further than to set it forth as such in the indictment. The description of it is deemed included in allegation when it thus appears, and is charged to be the instrument forged. (*Gray* v. *People,* 21 Hun, 140, 144, 145, and cases before cited.)

The fact that the name of Thomas K. Willis and the seal did not appear on the forged mortgage when it was put in evidence, did not present such a material variance between the indictment and proof as to make the latter inadmissible, nor did that condition require any explanatory allegations to permit parol evidence of the circumstance of the mutilation and detachment referred to. The instrument was fully set forth as it was when in perfect condition. And by the evidence it appears that Benham, the successor

of the defendant, tore from it the portion which did not appear when the instrument was produced at the trial and handed the fragment to the defendant which the latter failed to produce.

The record does not show that the witness stated when this was done, but the fair inference from the evidence is that he did it at the time or after the moneys appearing to be secured by the instruments were paid The tearing out the names and seals of mortgagors is an approved method of canceling mortgages taken by the commissioners. (Laws 1837, chap. 150, § 28.) It was sufficient in the indictment to allege the description of the forged paper as it was when complete. But when that cannot for any cause be done it may be desirable and important to give the best description practicable and support omissions and possible inaccuracy by allegation of circumstances in explanation and modifying the exact certainty of the alleged description with a view to the supply and variation which the evidence may produce. (*People* v. *Kingsley*, 2 Cow., 522; *People* v. *Badgly*, 16 Wend., 53.) But this ordinarily would be treated as matter of form, and come within the statute before referred to protecting against error. (*Tomlinson* v. *People*, 5 Park. Crim. R., 313, 319.) The evidence to supply the defective condition so produced by taking out the name and seal, and to show that before then it was complete in form, was competent. (*Enders* v. *Sternbergh*, 2 Abb. Ct. App. Dec., 31; *Commonwealth* v. *Snell*, 3 Mass., 81.)

The contention of the defendant's counsel that the admission of evidence tending to prove that there was a deficiency in his accounts as commissioner was error, is not supported. It is true as a rule that evidence to the effect that a defendant has committed a crime other than that alleged in the indictment is not competent upon the question of his guilt in respect to that with which he is charged. (*Coleman* v. *People*, 55 N. Y., 81.) That was not the purpose of this evidence It was received as bearing upon the question of his motive and intent having relation to the charge for which he was on trial. And in such case evidence is not incompetent because it may charge him with official delinquency and might go in support of a charge for another crime. (*Copperman* v. *People*, 56 N. Y., 591; *Coleman* v. *People*, 58 id., 555, 560.)

All the questions presented by exceptions, and upon the sufficiency

of the evidence to support the verdict, have been examined. None
of them seem to be well taken. The result was fairly justified and
supported by the evidence.

The conviction and judgment should be affirmed.

*Edwin Hicks*, for the appellant.

*Oliver C. Armstrong*, for the respondent.

Opinion by BRADLEY, J.; HAIGHT and CHILDS, JJ., concurred.

Judgment and conviction affirmed, and proceedings remitted to
the Court of Oyer and Terminer of Ontario county.